### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN A. DESALVO,<br><br>Defendant. | Hon. Renée M. Bumb<br><br>Civ. No. 23-cv-8092<br><br>**ORDER GRANTING LEAVE TO INTERVENE AND A STAY** |

This matter having come before the Court upon the motion of the United States for an Order: (1) granting the United States leave to intervene in the above-captioned civil action (the "Civil Case") pursuant to Federal Rule of Civil Procedure 24; and (2) staying the Civil Case pending the conclusion of criminal proceedings in *United States v. DeSalvo*, Mag. No. 23-11153 (AME), and any related proceedings before the United States District Court, including trial (the "Criminal Case"):

**WHEREAS**, on August 22, 2023, a criminal complaint was unsealed against John A. DeSalvo (the "Defendant") charging the Defendant with two counts each of wire fraud in violation of 18 U.S.C. § 1343; securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5; and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (the "Criminal Complaint").  *See* 23-11153 (AME).

**WHEREAS**, The Criminal Complaint alleges that between on or about January 2021 and May 2022, the Defendant operated two separate investment

fraud schemes.  The first scheme involved Defendant's creation and promotion of a cryptocurrency known as "Blazar Token".  The second scheme involved Defendant's management of an investment group through an online brokerage.  Through both schemes, Defendant is charged with making various misrepresentations to investors and misappropriating investor funds.

**WHEREAS**, on August 23, 2023, plaintiff Securities and Exchange Commission (the "SEC") filed the Civil Case against the Defendant alleging that the Defendant violated Sections 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Act of 1934, and Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940.

**WHEREAS**, the SEC's civil complaint alleges that, among other things, the Defendant perpetrated securities fraud schemes related to the same conduct charged in the Criminal Complaint.

**WHEREAS**, on August 23, 2022, Defendant was arrested in connection with the Criminal Complaint.  *See* 23-mj-11153, Dkt. 3.  Later that afternoon, the Defendant appeared before the Honorable André M. Espinosa for an initial appearance during which the Court set conditions of release.  *See* 23-mj-11153, Dkt. 4.

**WHEREAS**, on September 8, 2023 the Honorable André M. Espinosa signed a continuance, on consent by the parties, tolling the deadline for indictment under the Speedy Trial Act of 1974 until November 4, 2023.

**WHEREAS**, the Defendant has not answered the SEC's civil complaint, and the parties have not yet exchanged discovery in the Civil Case.

2

**WHEREAS**, there is a significant overlap between the Civil Case and the Criminal Case in that the civil proceeding and the criminal prosecution involve the same individual defendant (DeSalvo), the same alleged schemes to defraud, and many of the same potential witnesses.

**WHEREAS**, a stay of the Civil Case will cause little to no particularized harm to the SEC, the Defendant, or to the public, and it will likely benefit the parties and the public by reducing the scope of discovery in the Civil Case and by narrowing or eliminating the issues to be decided in the Civil Case.

**WHEREAS**, the United States timely applied to intervene in the Civil Case.

**WHEREAS**, the United States has a sufficient interest in the Civil Case that may be affected or impaired by the disposition of the Civil Case and which is not adequately represented by an existing party in the Civil Case.

**WHEREAS**, the Civil Case and the Criminal Case share common questions of law and fact.

**WHEREAS**, this Court has the inherent authority to stay proceedings in a civil case in the interests of justice when a parallel criminal prosecution is underway.

**WHEREAS**, the SEC and counsel for DeSalvo are not opposed to staying proceedings in the Civil Case until the Criminal Case has concluded.

**IT IS THEREFORE ON THIS _____ DAY OF OCTOBER, 2023**,

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), the United States is granted leave to intervene in the above-captioned matter; and it is further

**ORDERED** that, in the interests of justice, the above-captioned matter is hereby stayed until the Criminal Case is completed.

_____
HON. RENÉE M. BUMB, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE